UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHNATHAN L. FRANKLIN
a/k/a Jonathan L. Franklin,

        Petitioner,

        v.        Case No. 06-C-0752

WILLIAM POLLARD,

        Respondent.

**ORDER**

On July 12, 2006, Johnathan L. Franklin filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted on a guilty plea in Dane County Circuit Court of aggravated battery and felony murder and was sentenced to fifty years imprisonment. He is currently incarcerated at the Green Bay Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner presents, in essence, three claims. The first, which he advanced on his appeal to the Wisconsin Supreme Court, is that the trial court erroneously concluded that statements he made to the police after requesting an attorney were voluntary and thus admissible for impeachment purposes at trial. Petitioner also contends that his trial counsel rendered ineffective assistance in advising him to plead guilty, and that Wisconsin's felony murder statute violates due process. Review of the petition reveals that it must be dismissed as untimely, however. 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), states that an application for writ of habeas corpus by a person in custody for a state conviction must be filed within one year of the latest of (A) the date direct review concluded; (B) the date an unlawful impediment to filing a petition is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if newly recognized; or (D) the date on which the factual predicates of the claim could have been discovered through the exercise of due diligence. Any time during which a properly filed application for state post-conviction relief is pending is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2).

Petitioner's appeal was denied by the Wisconsin Supreme Court on July 23, 1999. (Pet. at 3.) He did not file an application for state post-conviction relief. (Pet. at 4.) The rights asserted by petitioner are not newly-created by the Supreme Court. Nothing in the petition or the supporting documentation permits the court to conclude that petitioner faced any impediment in filing the petition or that the factual predicates of his claims are newly-discovered. The one-year period of limitations for federal habeas relief therefore expired on July 23, 2000.

**IT IS THEREFORE ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. Since Franklin has also paid the $5.00 filing fee, his

motion to proceed in forma pauperis is denied as moot. The clerk of court shall enter judgment accordingly.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this __13th__ day of July, 2006.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge