UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHNATHAN L. FRANKLIN
a/k/a Jonathan L. Franklin,

        Petitioner,

v.                                     Case No. 06-C-752
                                        Appeal No.

WILLIAM POLLARD,

        Respondent.

**ORDER**

Johnathan L. Franklin was convicted on a guilty plea in Dane County Circuit Court of aggravated battery and felony murder, and was sentenced to fifty years of imprisonment. He is currently incarcerated at Green Bay Correctional Institute. Proceeding pro se, Franklin has requested a certificate of appealability, which would enable him to appeal my denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000). Franklin filed a notice of appeal on September 15, 2006.

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Where a district court

has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. If the court issues a certificate of appealability, it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

Franklin brought three claims in his habeas petition: (1) that the trial court erroneously concluded that statements he made to the police after requesting an attorney were voluntary and thus admissible for impeachment purposes at trial; (2) that his trial counsel rendered ineffective assistance in advising him to plead guilty; and (3) that Wisconsin's felony murder statute violates due process. I never reached the merits of any of these claims, but rather dismissed the petition as untimely in light of 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under this law, an application for writ of habeas corpus by a person in custody for a state conviction must be filed within one year of the latest of (A) the date direct review concluded; (B) the date an unlawful impediment to filing a petition was removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if newly recognized; or (D) the date on which the factual predicates of the claim could have been discovered through the exercise of due diligence. Any time during which a properly filed application for state post-conviction relief is pending is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2). Petitioner's review concluded on July 23, 1999, the date the Wisconsin Supreme Court denied his appeal. Circumstances failed to qualify petitioner for a later filing deadline under scenarios (B), (C), or (D) listed above. The one-year period of limitations for federal habeas relief therefore expired for petitioner on July 23, 2000.

Petitioner twice moved for reconsideration of my dismissal order (the second being a letter that I interpreted as a motion for reconsideration), and I denied both motions in light of the fact that petitioner failed to address the grounds upon which his petition was dismissed. The one-year limitation bars consideration of the merits of petitioner's constitutional claims. Because petitioner has advanced no argument addressing the expiration of the one-year period of limitations, petitioner's arguments in support of his claims need not be addressed. Petitioner has not made a substantial showing of the denial of any constitutional right, for he has not cleared the hurdle that would allow a court to hear such claims. For these reasons, I do not believe the issues should proceed further.

**THEREFORE, IT IS ORDERED** that petitioner's request for a certificate of appealability is **DENIED**.

A copy of this order will be sent to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707; and to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this   22nd   day of September, 2006.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge